UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*************************************************

SHARON SEAVEY,
    Plaintiff

MAGISTRATE JUDGE Alexander

v.

C. A. No.

RICHARD P. McCOY, Partner, COLLEY
McCOY COMPANY and COLLEY/McCOY
MANAGEMENT GROUP, INC.,
    Defendants

JURY TRIAL DEMANDED

RECEIPT # 66808
AMOUNT $ 250
SUMMONS ISSUED 4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. tOWT
DATE 9/12/05

*************************************************

# COMPLAINT

## PARTIES

1. Plaintiff SHARON SEAVEY ("Seavey") is an individual residing at 56 Adams Street, Haverhill, Essex County, Massachusetts.

2. Defendant RICHARD P. McCOY, Partner, COLLEY McCOY COMPANY ("McCoy") is a partnership with its principal place of business at One Industrial Drive, Windham, New Hampshire.

3. Defendant COLLEY/MCCOY MANAGEMENT GROUP, INC. ("Colley/McCoy"), is a corporation duly organized under the laws of the State of New Hampshire, with its principal place of business at One Industrial Drive, Windham, New Hampshire.

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 in that plaintiff is a citizen of the Commonwealth of Massachusetts, defendants are citizens of the State of New Hampshire, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTS COMMON TO ALL CLAIMS

5. At all times relevant hereto, defendants McCoy and Colley/McCoy were the operators of the McDonald's Restaurant (the "Restaurant) at 795 River Street, Haverhill, Massachusetts, and were duly licensed to operate a restaurant at that location by the Board of Health of the City of Haverhill.

6. At all times relevant hereto, defendants McCoy and Colley/McCoy were under a duty to maintain the Restaurant premises free from rodent infestations.

7. On or about September 27, 2001, the plaintiff was a customer at the Restaurant.

8. After completing her meal, the plaintiff attempted to dispose of her trash at the receptacle provided for that purpose at the Restaurant.

9. Because the container was overflowing with trash, the plaintiff had to push her trash into the container.

10. As she attempted to dispose of her trash, the plaintiff was bitten on her hand by a large rat.

11. The existence of rats at the Restaurant is noted in the Board of Health records as early as October, 1998.

12. When the Restaurant premises were inspected on October 1, 2001, it was noted that "Tunnels and paths were observed in the grass. A tunnel was also observed under a receptacle."

13. A Pest Management Report, dated 10/02/01, prepared by Modern Pest Services, indicates that as of that date, it had taken action "to start a comprehensive rodent control program."

14. The Board of Health records, and the patently visible evidence of infestation at the

Restaurant, indicate that this was a long-standing problem of which defendants were aware, but did not properly address.

15. Defendants McCoy and Colley/McCoy were under a duty to operate the Restaurant in a safe, prudent and careful manner.

16. Defendants McCoy and Colley/McCoy breached said duty by operating the Restaurant in a careless, negligent and reckless manner.

17. Defendants McCoy and Colley/McCoy were under a duty to maintain the Restaurant premises free from rodent infestations.

18. Defendants McCoy and Colley/McCoy knew, or should have known, that there were rodents in the area which would be attracted to the waste food and trash which were generated by the Restaurant.

19. Defendants McCoy and Colley/McCoy, despite this knowledge, failed to warn their customers, including the plaintiff, of the existence of this rodent infestation, and the danger posed by this condition.

20. Defendants McCoy and Colley/McCoy knew, or should have known, that there only way to protect their customers at the Restaurant from rodents was by instituting a comprehensive rodent control program.

21. Defendants McCoy and Colley/McCoy, in failing to do all of the foregoing acts, deviated from accepted standards in the field of restaurant management and sanitation.

## FIRST CLAIM

22. Plaintiff realleges paragraphs 1 through 21.

23. As a direct and proximate result of defendants McCoy and Colley/McCoy's

negligence, carelessness, recklessness, the plaintiff was caused to suffer severe pain of body and anguish of mind.

## SECOND CLAIM

24. Plaintiff realleges paragraphs 1 through 23.

25. Defendants McCoy and Colley/McCoy engaged in unfair and deceptive acts or practices under G.L. c. 93A, §2, in the operation of the Restaurant, in violation of 940 CMR 3.00, and in violation of 105 CMR 590.00, the Federal Food Code:

**FC 5-501.13 Receptacles**

(A) Except as specified in paragraph (B) of this section, receptacles and waste handling units for refuse, recyclables, and returnables and for use with materials containing food residue shall be durable, cleanable, insect- and **rodent-resistant**, leakproof, and nonabsorbent.

**FC 5-501.15 Outside Receptacles**

(A) Receptacles and waste handling units for refuse, recyclables, and returnables used with materials containing food residue and used outside the food establishment shall be designed and constructed to have **tight-fitting lids, doors or covers**.

(B) Receptacles and waste handling units for refuse and recyclables such as an on-site compactor **shall be installed so that accumulation of debris and insect and rodent attraction and harborage are minimized** and effective cleaning is facilitated around and, if the unit is not installed flush with the base pad, under the unit.

**FC 5-501.110 Storing Refuse, Recyclables, and Returnables**

Refuse, recyclables, and returnables shall be stored in receptacles or waste handling units so that they are **inaccessible to insects and rodents**.

**FC 5-5-1.111 Areas, Enclosures, and Receptacles, Good Repair**

Storage areas, enclosures, and receptacles for refuse, recyclables, and returnables shall be **maintained in good repair**.

**FC 5-501.116 Cleaning Receptacles**

(B) Soiled receptacles and waste handling units for refuse, recyclables, and returnables shall be cleaned at a frequency necessary to prevent them from developing a build up of soil or becoming **attractants for insects and rodents**.

4

**FC 5-502.11 Frequency (of Removal)**

Refuse, recyclables, and returnables shall be removed from the premises at a frequency that will minimize the development of objectionable orders and other conditions that **attract or harbor insects and rodents**.

**FC 6-501.111 Controlling Pests**

The presence of insects, rodents, and other pests shall be controlled to minimize their presence on the premises by:

(B) Routinely inspecting the premises for evidence of pests;

(C) Using methods, if pests are found, such as trapping devices or other means of pest control as specified under sections 7-202.12, 7-206.12, and 7-206.13; and

(D) **Eliminating harborage conditions**.

**FC 6-501.114 Maintaining Premises, Unnecessary Items and Litter**

The premises shall be free of: (B) Litter.

26. Under Massachusetts General Laws Chapter 93A, §2 (c), the Attorney General of the Commonwealth has promulgated regulations, interpreting unfair or deceptive acts or practices, which appear in the Code of Massachusetts Regulations at 940 CMR 3.00.

27. 940 CMR 3.16(2) also provides that it is a violation of the Act if "Any person . . . fails to disclose to a buyer . . . any fact, the disclosure of which may have influenced the buyer not to enter into the transaction . . . ."

28. Under 940 CMR 3.16(3), a violation of the provisions of 105 CMR 590.000 is also a violation of G.L. c. 93A.

29. The violations of these statutes and regulations constitute unfair or deceptive acts or practices under G.L. c. 93A.

30. On June 20, 2003, the plaintiff sent to the defendants a written demand for relief, in accordance with G.L. c. 93A, §9, which demand was received by defendants

McCoy and Colley/McCoy on June 24, 2003.

31. Defendants McCoy and Colley/McCoy responded to said demand letter on or about August 8, 2003.

32. Defendants McCoy and Colley/McCoy's response was not a reasonable written tender of settlement in view of the damage sustained by the plaintiff.

33. Defendants McCoy and Colley/McCoy's use or employment of the unfair or deceptive acts or practices alleged above constituted willful or knowing violations of G.L. c. 93A, §2, and the Regulations of the Attorney General promulgated thereunder.

34. Defendants McCoy and Colley/McCoy's refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violate G.L. c. 93A, §2, and the Regulations promulgated thereunder.

35. As a direct and proximate result of defendants McCoy and Colley/McCoy's acts and omissions, the plaintiff has suffered severe and permanent physical injury, pain and mental anguish.

## RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendants McCoy and Colley/McCoy as follows:

A. On the First Claim, in an amount which is fair, just and adequate for the injuries sustained, and the pain and suffering endured, plus interest and costs of suit.

B. On the Second Claim, in an amount which is fair, just and adequate for the injuries sustained, and the pain and suffering endured, plus double or treble damages, attorneys fees, interest and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By her Attorney,

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
100 Summer Street, Suite 3232
Boston, MA 02110-2104
617-728-9123
September 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) SHARON SEAVEY v. RICHARD P. MCCOY, PARTNER, COLLEY MCCOY COMPANY

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) N/A

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES NO    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES NO    (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A OR WESTERN SECTION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   CARMEN L. DURSO, ESQUIRE / BBO# 139340
ADDRESS  100 SUMMER STREET, SUITE 3232, BOSTON, MA 02110-2104
TELEPHONE NO. 617-728-9123 / dursolaw@tiac.net

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
SHARON SEAVEY

## DEFENDANTS
RICHARD P. MCCOY, PARTNER, COLLEY MCCOY COMPANY and COLLEY/MCCOY MANAGEMENT GROUP, INC.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** N.H.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
CARMEN L. DURSO, ESQUIRE / BBO # 139340
100 SUMMER ST., SUITE 3232, BOSTON, MA 02110-2104
TEL: 617-728-9123 / dursolaw@tiac.net

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
DIVERSITY ACTION, 28 U.S.C. 1332, FOR NEGLIGENCE IN MAINTAINING RESTAURANT PREMISES, CAUSING PLAINTIFF PATRON TO SUFFER RAT BITE.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 09/12/05

**SIGNATURE OF ATTORNEY OF RECORD** /s/ Carmen L. Durso

**UNITED STATES DISTRICT COURT**